UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR ROBLES, individually and on behalf of others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COMTRAK LOGISTICS, INC., a Delaware Corporation; DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | No. 2:13-cv-00161-JAM-AC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE** |

Defendant Comtrak Logistics, Inc. ("Defendant") moves the Court to transfer venue ("MTV") (Doc. #59) based on a forum selection clause included in a written agreement between the parties. For the reasons that follow, Defendant's motion is GRANTED.

　　　I.　FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

A full discussion of the facts can be found in the Court's earlier order (Doc. #54) of December 19, 2014. For purposes of this motion, a few additional items need be mentioned.

Defendant is a major provider of full dray truckload

1

transportation services across the country.  FAC ¶ 5.  Plaintiff Salvador Robles ("Plaintiff") alleges that he is a former driver for Defendant who was initially classified as an independent contractor and later hired as an employee driver by Defendant. Id. ¶ 3.

Plaintiff claims Defendant has misclassified these drivers as independent contractors in order "to avoid various duties and obligations owed to employees" under California law.  FAC ¶ 1. Plaintiff alleges that he and the other drivers were made to sign an "Independent Contractor and Equipment Lease Contract" (the "Contract"), which labeled them as independent contractors and primarily discussed the details of Defendant's "leasing" of the drivers' equipment.  MTV, Exhibit A.

The FAC pleads the first twelve causes of action ("IC Claims") as a class action on behalf of Plaintiff and a class of drivers who (a) signed the Contract with Defendant; (b) were assigned to an operating terminal in California; and (c) were residents of California ("the Class").  These claims involve obligations owed by an employer to an employee; therefore, each of these causes of action relies on the premise that Defendant improperly classified the drivers as independent contractors when legally they should have been treated as employees under California law.  The claims are brought pursuant to California law, primarily arising under the California Labor Code.

In addition, the FAC restates the same claims found in the second through twelfth causes of action on behalf of Plaintiff individually for labor and wage violations during his time working for Defendant in which he was classified as an employee.

These eleven claims ("EE Claims") allege that although Plaintiff was properly classified as an employee by Defendant during the relevant time period, Defendant still failed to abide by the applicable provisions of California law, including the California Labor Code.

Defendant filed a motion to dismiss, which was stayed for a period pending resolution of relevant issues by the Ninth Circuit. After the Ninth Circuit's decision was handed down and the Court received supplemental briefing, the motion to dismiss was denied. Defendant now moves to transfer venue pursuant to 28 U.S.C. § 1404(a) ("§1404(a)").

## II. OPINION

### A. Request for Judicial Notice

Plaintiff requests the Court take notice of three documents (Doc. #63).

The Court may consider material attached to, or relied on by, the complaint so long as authenticity is not disputed, or matters of public record, provided that they are not subject to reasonable dispute. E.g., Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid. 201).

The three documents offered by Plaintiff are (1) a record of Defendant's name change from the California Secretary of State (Doc. #63-1); (2) a 10-k SEC Filing form for the year ending December 31, 2013 (Doc. #63-2); and (3) a "Business Entity Detail" record from the California Secretary of State (Doc. #63-

3). The Court finds these documents are matters of public record that are not subject to reasonable dispute. Accordingly, the Court will take judicial notice of them.

B. Discussion

Defendant has moved the Court to transfer venue pursuant to §1404(a) based on the forum selection clause included in the "Independent Contractor and Equipment Lease Contract" ("the Contract") entered into by the parties.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The United States Supreme Court has held that "a forum-selection clause may be enforced by a motion to transfer under § 1404(a)." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 575 (2013) ("Atlantic Marine").

The Contract is referenced and relied on in the FAC (¶¶ 3, 67) and attached to Defendant's motion as Exhibit A. Plaintiff does not dispute its authenticity so the Court looks to it in its analysis. The relevant clause provides that "any action or suit relating to this Agreement shall be brought in the state or federal courts sitting in Memphis, Tennessee, and in no other court." MTV, Exh. A § 5.G. The Contract labels Plaintiff as an independent contractor and primarily discusses the detail of Defendant's lease of Plaintiff's equipment in boilerplate language.

Defendant contends the forum selection clause is valid,

enforceable, and Plaintiff's claims lie within its scope. MTV at p. 11. It therefore requests the Court transfer this matter to the District Court for the Western District of Tennessee.

Plaintiff opposes the motion on a number of grounds. First, he argues the claims are not "related to" the Contract and therefore fall outside the scope of the forum selection clause. Second, Plaintiff contends that even if the clause does apply, it is unenforceable because: (1) the clause's inclusion in the Contract was the product of Defendant's coercion and overreaching; (2) the clause is unreasonable; and (3) enforcement of the clause will undermine public policy.

1. Scope of the Forum Selection Clause

"In diversity cases, federal law governs the analysis of the effect and scope of forum selection clauses." Jones v. GNC Franchising, Inc., 211 F.3d 495, 497 (9th Cir. 2000) (citing Manetti-Farrow, 858 F.2d at 513. It is well-settled in the Ninth Circuit that the scope of a forum selection clause can cover both contractual and tort causes of action. Manetti-Farrow, 858 F.2d at 514; Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co., No. 2:13-CV-2135 KJM AC, 2014 WL 6390282, at *9 (E.D. Cal. 2014).

Plaintiff has stated claims pursuant to the California Labor Code along with other California laws regulating employment practices. The issue at the center of this controversy is whether Plaintiff and the proposed class were employees of Defendant rather than independent contractors and therefore entitled to a host of benefits they did not receive. In its motion, Defendant contends the language in the clause "easily

encompasses Plaintiff's claims." MTV at pp. 6-8. Defendant argues Plaintiff's theory of misclassification necessarily relies on the terms of the Contract.

In response, Plaintiff discusses the factors involved in analyzing whether an employer-employee relationship exists. Opp. at pp. 9-12. See S. G. Borello & Sons, Inc. v. Dep't of Indus. Relations, 48 Cal. 3d 341, 351 (1989) (listing over one dozen factors "logically pertinent to the inherently difficult determination whether a provider of service is an employee or an [] independent contractor"). Plaintiff argues that none of these factors arise out of or are related to the Contract. He points out that the Contract does not even contain a clause that attempts to define Plaintiff as an independent contractor. Opp. at p. 2.

"The scope of the claims governed by a forum selection clause depends [upon] the language used in the clause." Ronlake v. US-Reports, Inc., No. 1:11-CV-02009 LJO, 2012 WL 393614, at *3-4 (E.D. Cal. 2012) ("Ronlake"). In analogous contexts, the Ninth Circuit has found that provisions using the phrases "arising under," "arising out of," and "arising hereunder" (collectively referred to as "arising under" language) should be narrowly construed to cover only those disputes "relating to the interpretation and performance of the contract itself." Cape Flattery Ltd. v. Titan Mar., LLC, 647 F.3d 914, 922 (9th Cir. 2011); see also Ronlake, 2012 WL 393614, at *4; Perry v. AT & T Mobility LLC, No. C 11-01488 SI, 2011 WL 4080625, at *4 (N.D. Cal. 2011) ("Perry"). In contrast, provisions that include or add phrases such as "relating to" and "in connection with"

6

(collectively referred to as "relating to" language) have a broader reach. Cedars-Sinai Med. Ctr. v. Global Excel Mgmt., Inc., No. CV 09-3627 PSG AJWX, 2009 WL 7322253, at *5 (C.D. Cal. Dec. 30, 2009); Cape Flattery, 647 F.3d at 922; Joseph v. Amazon.Com, Inc., No. C12-06256 HRL, 2013 WL 4806462, at *4 (N.D. Cal. 2013).

Defendant argues in its reply that the forum selection clause in the Contract should be construed broadly to include Plaintiff's labor code claims because the clause uses "related to" language. The Court agrees.

In Perry, the court stated the issue before it as "'whether in classifying plaintiff, and others like h[er], as an independent contractor defendant[s] ha[ve] violated the law.'" Perry, 2011 WL 4080625, at *3-4 (quoting Quinonez v. Empire Today, LLC, No. C 10-02049 WHA, 2010 WL 4569873, at *3 (N.D. Cal. 2010)). The court determined whether the California Labor Code claims brought by the plaintiff were covered under a forum selection clause found in a contract between the parties. Id. at *1. The court found the forum selection clause's use of the term "any action . . . relating to" made it "significantly broader" than clauses using "arising under" language. Id. It then found the "question [fell] within the scope of the forum selection clause, because it 'relates to' the contracts entered into by [the parties]." Id.

The circumstances present in Perry are nearly identical to those before this Court. The Court similarly finds Plaintiff's claims *relate to* the Contract. The Contract governs the working relationship between the parties. It is the precise nature of

7

that relationship that is at issue in this matter. Therefore, Plaintiffs claims fall within the scope of the forum selection clause.

### 2. Enforceability of Forum Selection Clause

Federal courts have recognized three grounds for declining to enforce a forum selection clause: (1) where the inclusion of the clause in the contract was the result of "fraud or overreaching"; (2) if the party seeking to avoid the clause would be effectively deprived of its day in court in the forum specified in the clause; or (3) if enforcement would contravene a strong public policy of the forum in which the suit is brought. Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004); see also Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 514 (9th Cir. 1988); The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)). However, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." Atlantic Marine, at 581.

#### a. Fraud and Overreaching

"For a party to escape a forum selection clause on the grounds of fraud, it must show that 'the *inclusion of that clause in the contract* was the product of fraud or coercion.'" Richards v. Lloyd's of London, 135 F.3d 1289, 1297 (9th Cir. 1998) (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 518, 94 S. Ct. 2449, 2457, 41 L. Ed. 2d 270 (1974)) (emphasis in original). "'Overreaching' is a ground 'short of fraud,' and a mere showing of 'non-negotiability and power difference' does not render a forum selection clause unenforceable." Mahoney v. Depuy

8

Orthopaedics, Inc., No. CIVF 07-1321 AWI SMS, 2007 WL 3341389, at *7 (E.D. Cal. 2007) (citing Murphy, 362 F.3d at 1141; E.J. Gallo Winery v. Andina Licores S.A., 440 F.Supp.2d 1115, 1126 (E.D. Cal. 2006)). The party opposing enforcement of the forum selection clause on the grounds of fraud or overreaching "must show that the inclusion of the clause itself into the agreement was improper; it is insufficient to allege that the agreement as a whole was improperly procured." Id.

Plaintiff argues the forum selection clause was the product of economic coercion and overreaching. Opp. at pp. 12-13. Plaintiff cites the power differentials between the parties and Plaintiff's lack of negotiating power in regards to the formation of the Contract and, specifically, the inclusion of the forum selection clause. However, "the Ninth Circuit has rejected the argument that unequal bargaining power is a ground to reject enforcement of a forum selection clause in an employment contract." Marcotte v. Micros Sys., Inc., No. C 14-01372 LB, 2014 WL 4477349, at *7 (N.D. Cal. 2014) (citing Murphy, 362 F.3d at 1141). A forum selection clause is "not unreasonable merely because of the parties' unequal bargaining power: it is enforceable if there is reasonable communication of the clause." Id. (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S 585, 595 (1991)).

Plaintiff has failed to provide any evidence that the Contract's terms regarding forum selection were not clearly communicated in the Contract or that the inclusion of the forum selection clause was the product of fraud or overreaching. As such, the argument regarding fraud and overreaching fails.

9

### b. Unreasonable

Plaintiff next contends the forum selection clause should not be enforced because it is unreasonable under the circumstances. Opp. at pp. 14-16. Plaintiff attempts to support his argument by focusing on § 1404(a) factors including convenience of the parties and witnesses and other practical considerations.

In a typical case involving a §1404(a) transfer motion, the court must evaluate a range of factors in determining whether transfer would serve "the convenience of the parties and witnesses" and otherwise promote "the interests of justice." Atlantic Marine, at 581 (quoting §1404(a)). However, when a valid forum-selection clause is involved, "the calculus changes." Id. In this new analysis, "a district court may consider arguments about public-interest factors only"; the "plaintiff's choice of forum merits no weight"; and the court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." Id. at 581-83. "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Id. at 581.

By agreeing to the forum selection clause in the Contract, Plaintiff has "waive[d] the right to challenge the preselected forum as inconvenient or less convenient." Atlantic Marine, at 581. Plaintiff's arguments that litigating the case in Tennessee would be impractical and inconvenient are therefore unpersuasive.

### c. Public Policy

Plaintiff's remaining arguments implicate the public policy of California and rely on the choice of law provision in the

Contract. Opp. at pp. 16-20. Plaintiff contends the forum selection clause "cannot be considered in isolation from the choice-of-law provision where both provisions are complimentary aspects of an unlawful subterfuge to evade California employment law."

"Courts in the Ninth Circuit have generally agreed that the choice-of-law analysis is irrelevant to determining if the enforcement of a forum selection clause contravenes a strong public policy." Rowen v. Soundview Commc'ns, Inc., No. 14-CV-05530-WHO, 2015 WL 899294, at *3-4 (N.D. Cal. 2015). "'[A] party challenging enforcement of a forum selection clause may not base its challenge on choice of law analysis.'" Marcotte, 2014 WL 4477349, at *8 (quoting Besag v. Custom Decorators, Inc., No. C 08-05463 JSW, 2009 WL 330934, at *3-4 (N.D. Cal. 2009) (called into question on other grounds by Narayan v. EGL, Inc., 616 F.3d 895, 899, 904 (9th Cir. 2010))). "As a general matter, California courts will enforce adequate forum selection clauses that apply to non-waivable statutory claims, because such clauses do[] not waive the claims, they simply submit their resolution to another forum." Perry, 2011 WL 4080625, at *5.

However, under certain circumstances, public policy considerations may lead to non-enforcement of an otherwise valid forum selection clause:

> [I]f the forum is not adequate, a forum selection clause that applies to a non-waivable statutory claim may, in fact, improperly compel the claimant to forfeit his or her statutory rights. In such a case, the forum selection clause is contrary to the strong public policy of California and will not be enforced. More specifically, . . . the California Supreme Court has held clearly and unequivocally that it is against the strong public policy of California to enforce a forum

11

> selection clause where the practical effect of enforcement will be to deprive a plaintiff or class of plaintiffs of their unwaivable statutory entitlement to the minimum wage and overtime payments.

Perry, at *5 (internal citations omitted).

Plaintiff argues the choice-of-law provision and the forum selection clause operate in tandem to deny him of his statutory rights under California law. However, there is no evidence provided, or found, indicating that a transfer of this case to the District Court for the Western District of Tennessee would deprive him of his rights. Federal courts in other states are "fully capable of applying California law." Foster v. Nationwide Mut. Ins. Co., No. C 07-04928 SI, 2007 WL 4410408, at *6 (N.D. Cal. 2007). If Plaintiff's allegations regarding Defendant's misclassification of him and others as independent contractors are proven true, the court in Tennessee will be "fully capable" of awarding him the remedies and withheld benefits provided for under California labor laws.

Accordingly, Plaintiff's arguments based on public policy fall short, and Defendant's motion is GRANTED.

## III. ORDER

For the reasons set forth above, the Court GRANTS Defendant's motion to transfer venue.

IT IS SO ORDERED.

Dated: April 2, 2015

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE