IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SALVADOR ROBLES, JORGE AVALOS, and JOSE MARQUEZ, individually and on behalf of others<br><br>Plaintiffs,<br><br>v.<br><br>COMTRAK LOGISTICS, INC., et al.,<br><br>Defendants. | No. 2:15-cv-02228-SHM-tmp |

## ORDER

Before the Court are two motions. The first is Plaintiffs Salvador Robles, Jorge Avalos, and Jose Marquez's Motion for Clarification and Modification of Court's July 19, 2016 Order, or in the Alternative, Motion for Revision and Reconsideration of Court's July 19, 2016 Order ("Motion for Modification"), filed on August 11, 2016. (ECF No. 113.) Defendants responded on August 25, 2016. (ECF No. 116.) Plaintiffs replied on September 8, 2016. (ECF No. 121.)

The second is Defendants' Motion for More Definite Statement or, in the Alternative, Motion To Strike ("Motion for More Definite Statement"), filed on August 26, 2016. (ECF No. 117.)

For the reasons below, the Motion for Modification is DENIED, and the Motion for More Definite Statement is DENIED AS MOOT.

**I. Background**

The facts are stated more fully in the Court's Order entered on July 19, 2016. (ECF No. 110.)

On January 25, 2013, Plaintiffs Salvador Robles, Jorge Avalos, and Jose Marquez filed a Complaint in the United States District Court for the Eastern District of California. (ECF No. 1.) Plaintiffs seek to represent a class of current and former truck drivers. (Id. at 2.)

On May 6, 2013, Plaintiffs filed an Amended Complaint. (ECF No. 24.) The case was transferred to this Court on April 4, 2015. (ECF No. 66.)

Plaintiffs filed their Second Amended Complaint on May 15, 2015. (ECF No. 86.) The Second Amended Complaint alleges twenty-four causes of action.

The Settlement Release Subclass brings a cause of action for Declaratory Relief. (Id. at 1295-96.)

Plaintiffs and the Putative Class bring causes of action for: (1) Declaratory Relief; (2) Reimbursement of Business Expenses; (3) Failure to Pay Minimum Wage for all Hours Worked; (4) Failure to Pay Minimum Wage For Time Spent Driving Actual

Miles; (5) Payment of Wage Below Designated Rate for all Hours Worked; (6) Payment of Wage Below Designated Rate for Time Spent Driving Actual Miles; (7) Quantum Meruit/Unjust Enrichment; (8) Failure to Provide Meal Periods; (9) Failure to Provide Rest Stops; (10) Failure to Timely Furnish Accurate Itemized Wage Statements; and (11) Violation of California Business and Professions Code §§ 17200, et seq. (Id. at 1296-1309.)

The Former Drivers Subclass brings a cause of action for Waiting Time Penalties. (Id. at 1306.)

Plaintiff Salvador Robles brings causes of action for: (1) Reimbursement of Business Expenses; (2) Failure to Pay Minimum Wage for all Hours Worked; (3) Failure to Pay Minimum Wage for Time Spent Driving Actual Miles; (4) Payment of Wage Below Designated Rate for all Hours Worked; (5) Payment of Wage Below the Designated Rate for Time Spent Driving Actual Miles; (6) Quantum Meruit/Unjust Enrichment; (7) Failure to Provide Meal Periods; (8) Failure to Provide Rest Periods; (9) Failure to Timely Furnish Accurate Itemized Wage Statements; (10) Waiting Time Penalties; and (11) Violation of California Business and Professions Code §§ 17200 et seq. (Id. at 1309-20.)

On June 8, 2015, Defendants filed their Motion to Dismiss. (ECF No. 91.) Plaintiffs responded on June 29, 2015. (ECF No. 95.) Defendants replied on July 13, 2015. (ECF No. 97.)

On July 19, 2016, the Court entered an Order granting in part and denying in Part Defendants' Motion to Dismiss. (ECF No. 110.) The Court dismissed Plaintiffs' claims on behalf of purported class members who signed settlement agreements and Plaintiffs' claims based on quantum meruit. (Id. at 1692-93.) Plaintiffs' other claims survived. (Id.)

**II. Analysis**

**A. Motion for Modification**

**1. Whether Dismissal of Claims was With or Without Prejudice**

Plaintiffs contend that "[w]hat is unclear from the Court's Order is whether these claims were dismissed with, or without, prejudice." (ECF No. 113 at 1700.)

"A 'dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits,' and is therefore done with prejudice." Pratt v. Yentas, Inc., 365 F.3d 514, 523 (6th Cir. 2004) (internal quotations omitted); see also Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981). There was no need to "specify whether [the] claims were being dismissed with or without prejudice." (ECF No. 113 at 1700.) Plaintiffs' claims were dismissed with prejudice.

4

**2. Reconsideration**

Plaintiffs argue that, if their "claims were dismissed with prejudice," the Court should "revise and reconsider its July 19 Order" under Federal Rule of Civil Procedure 54(b). (Id. at 1701.)

Under Rule 54(b), a court may revise an order before it issues an entry of judgment adjudicating all of the claims and all of the parties' rights and liabilities. Fed. R. Civ. P. 54(b); see also Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x. 949, 959 (6th Cir. 2004). "Rule 54(b) does not expressly provide for . . . motions by parties and does not prescribe any standards or bases for revisions of prior decisions." Lumpkin v. Farmers Grp., Inc., No. 05-2868 Ma/V, 2007 WL 6996777, at *3 (W.D. Tenn. July 6, 2007) (citation and internal quotation marks omitted).

Courts generally revise interlocutory orders only "whe[re] there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P., 590 F.3d 381, 389 (6th Cir. 2009) (quoting Rodriguez, 89 F. App'x. at 959). Motions to revise "may not be used to relitigate old matters." In re Regions Morgan Keegan Secs., Derivative, and ERISA Litig., Nos. 07-2784,

5

MDL 2009, 2010 WL 5464792, at *1 (W.D. Tenn. Dec. 30, 2010) (citation and internal quotation marks omitted).

Courts in this district also rely on Local Rule 7.3(a). "Before the entry of a judgment adjudicating all of the claims . . . in a case, any party may move . . . for the revision of any interlocutory order made by that Court." L.R. 7.3(a). The moving party must show:

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

L.R. 7.3(b). "Motions to reconsider interlocutory orders are not otherwise permitted." L.R. 7.3(a).

Plaintiffs do not allege new facts or a change in controlling law after the Court entered its Order. L.R. 7.3(b)(2). They do not allege that the Court "fail[ed] . . . to consider material factors or dispositive legal arguments that were presented to the Court" before its Order. L.R. 7.3(b)(3). Plaintiffs argue that, after filing their Second Amended Complaint and before the Court's Order, "Plaintiffs [] uncovered substantial evidence of economic duress, undue influence,

6

intentional misrepresentations, and concealments of material facts."  (ECF No. 113 at 1703.)  Plaintiffs contend that "[i]t would be manifestly unjust, and a striking departure from the liberal pleading paradigm proscribed [sic] by the Federal Rules, to refuse Plaintiffs at least one opportunity to cure the pleading deficiencies related to claims on behalf of Settlement Class Members."  (Id. at 1701 (emphasis in original).)

Plaintiffs' argument is not well taken.  "Where parties have fully argued the merits of a 12(b)(6) motion to dismiss and the district court has . . . issued an opinion resolving the motion, it is a stretch to say justice requires granting leave to cure the complaint's deficiencies as identified in the adversarial pleadings and the district court's order."  United States ex rel. Ibanez v. Bristol-Myers Squibb Co., 874 F.3d 905, 918 n.2 (6th Cir. 2017); accord Wysong Corporation v. APN, Inc., 889 F.3d 267, 273 (6th Cir. 2018).

Plaintiffs admit they discovered the allegedly new evidence before the Court entered its Order.  They fail to explain why they did not move to amend their Second Amended Complaint in the fourteen months between the filing of the Second Amended Complaint on May 15, 2015, and the Court's Order on July 19, 2016.  Plaintiffs failed to exercise the reasonable diligence required by L.R. 7.3(b)(1).

7

"Although leave to amend a complaint should be granted liberally when the motion is made pretrial, different considerations apply to motions filed after dismissal." <u>Russell v. GTE Government Systems Corp.</u>, 141 F. App'x 429, 436 (6th Cir. 2005) (internal quotations omitted). Plaintiffs have not established that revision of the Court's Order is warranted. Plaintiffs' Motion for Reconsideration is DENIED.

### B. Motion for More Definite Statement

On September 9, 2016, the parties filed a Stipulation to Withdraw Defendant's Motion for a More Definite Statement (the "Stipulation"). (ECF 122 at 1763.) The Stipulation states that "Defendants hereby withdraw their motion for more definite statement . . . . The parties agree that, under this Stipulation, Defendants are not otherwise required to answer or plead in response to the Second Amended Complaint." (<u>Id.</u> at 1764.)

The Motion for More Definite Statement is DENIED AS MOOT.

### III. Conclusion

For the foregoing reasons, the Motion for Modification is DENIED, and the Motion for More Definite Statement is DENIED AS MOOT.

8

It is SO ORDERED this 2nd day of July, 2018.

<pre>                                /s/ Samuel H. Mays, Jr.
                                SAMUEL H. MAYS, JR.
                                UNITED STATES DISTRICT JUDGE</pre>